**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Norma Rincon,<br><br>Plaintiff,<br>v.<br><br>Northstar Location Services, LLC,<br><br>Defendants. | Civil Action No.: ______<br><br><br><br>**COMPLAINT**<br>JURY |

For this Complaint, the Plaintiff, Norma Rincon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Norma Rincon ("Plaintiff"), is an adult individual residing in Spring, TX, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Northstar Location Services, LLC ("Northstar"), is a New York business entity with an address of 4285 Genesee Street, Buffalo, New York 14225-1943, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Northstar Engages in Harassment and Abusive Tactics

10. Northstar has placed several calls to Plaintiff's ex-husband and Plaintiff's ex-husband's wife and disclosed that it was attempting to collect a debt.

11. Northstar's calls to Plaintiff's ex-husband have strained Plaintiff's relationship with him.

12. Northstar has placed as many as three (3) calls a day to Plaintiff's cellular telephone while she is working and cannot take the calls in an attempt to collect the Debt.

13. Plaintiff requested that Northstar cease placing calls to her while she was working. Northstar continued to do so despite Plaintiff's request.

14. Northstar does not always identify itself when placing calls to Plaintiff.

15. Plaintiff has attempted to pay the Debt but Northstar has refused to accept any of the payment arrangements that Plaintiff has proposed.

16. Northstar has failed to send Plaintiff a "30-Day Validation Notice."

## C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

22. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

38. The Defendants called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

39. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

40. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

44. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls and by disclosing information about the debt with third parties.

45. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

46. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

48. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50. The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

51. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

52. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 26, 2011

Respectfully submitted,
By: __/s/ Diana P. Larson_________

Diana P. Larson, *Attorney-in-Charge*
Southern District of Texas Bar No. 24957
Texas Bar No. 24007799
Erik V. Larson
Southern District of Texas Bar No. 27105
Texas Bar No. 00791076
The Larson Law Office, PLLC
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 221-9088
Facsimile: (832) 415-9762
Email: diana@thelarsonlawoffice.com

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237
ATTORNEYS FOR PLAINTIFF